IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:26-CR-314-P |
| | § | |
| KHALWINDER SINGH BHENGURA | § | |

**EMERGENCY MOTION FOR EXPEDITED PREPARATION AND PRODUCTION OF TRIAL AND RELATED PROCEEDINGS TRANSCRIPTS**

TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant Khalwinder Singh Bhengura, by and through counsel, and files this Emergency Motion for Expedited Preparation and Production of Trial and Related Proceedings Transcripts. In support of this Motion, Defendant shows as follows:

## I. RELIEF REQUESTED

Defendant Khalwinder Singh Bhengura moves under 28 U.S.C. § 753(b), (f), Federal Rule of Criminal Procedure 33, and the Court's supervisory authority for expedited transcription of all proceedings necessary to evaluate and present post-verdict relief[1]. The jury returned guilty verdicts on Counts One and Three and an acquittal on Count Two on October 27, 2026. ECF Nos. 66, 72. Sentencing is set for February 11, 2027. ECF No. 73. Defendant remains detained.

Defendant requests an order directing the court reporter to begin expedited transcription immediately, advise counsel of the earliest feasible delivery date and cost, and provide rolling delivery as portions are completed. Defendant will arrange payment at applicable rates unless otherwise ordered upon an established statutory basis.

---

[1] Language of 28 USCS § 753(b) is clear and its requirements are mandatory. *United States v. Selva,* 559 F.2d 1303, 1977 U.S. App. LEXIS 11368 (5th Cir. 1977).

## II. SPECIFIC TRANSCRIPTS AND RECORDS

The request for an emergent and expedited transcript encompasses all on-the-record **trial before a jury proceedings on October 23, 26, and 27, 2026**[2], including voir dire, opening statements, testimony, objections, bench conferences recorded by the reporter, offers of proof, rulings, closing arguments, the charge conference and instructions, jury questions and responses, verdict, and post-verdict detention commentary and orders.

While also urgent, but secondary priority, Defendant Bhengura also requests an expedited copy of all additional pre-trial proceedings, including but not limited to the detention hearing, the show cause hearing and collateral matter hearings contemporaneous with trial outside of the presence or within the presence of the jury if reported. This includes but is not limited to the following:

1. 09.14.26: Initial appearance, Detention hearing, and arraignment (Doc. 5, 11); and
2. 10.01.26: Show cause hearing for Attorney Knox to prove she remains in compliance with local rules (Doc. 23).

If any requested proceeding was not recorded, Defendant asks to be informed promptly. Defendant further requests preservation of the original stenographic notes, digital recordings, bench-conference audio if recorded, admitted and rejected exhibits, jury communications, and any recordings constituting the official record. The request does not demand transcription of unrecorded discussions.

## III. GOOD CAUSE FOR EXPEDITED PRODUCTION

Attorney Herrera entered an appearance with the Court as co-counsel to Attorney Knox on 10.19.2026 for trial beginning on 10.23.2026. Doc. 23. The Court is familiar with Attorney

[2] Referenced on the docket by ECF Doc. #s 63, 65, 66, 67

Knox's duration of practice in the district as she appeared as trial counsel before him in 2022. The docket reflects that Attorney Herrera was forced to assume the role of lead trial counsel at the last minute when Attorney Knox's suffered a medical emergency and hospitalization. Doc. 40. On October 20, 2026, Attorney Herrera sought a continuance in hopes of a speedy recovery. Doc. 43. The Motion for Continuance was unopposed by the Government. That same day, Judge Pittman denied the Motion to Continue trial for any amount of time. Doc. 44. In an effort to serve the best interests of the Defendant, Attorney Herrera sought the assistance of co-counsel. On 10.22.2026, the eve of trial, Attorney Carrizales entered an appearance to assist Attorney Herrera represent the defendant to the best of their abilities given days notice to defend two federal felony offenses and one misdemeanor offense. Doc. 59.

Trial began October 23 and continued October 26 and 27. During the weeks leading up to trial, the Court required Attorney Knox to show cause that she has remained a member in good standing in the Northern District of Texas since February of 2010. During trial, the Court sanctioned Mr. Herrera for which the Court cited defense attorney's objections and courtroom conduct as sanctionable conduct. Doc. 67. Defendant does not ask the Court to decide the merits of counsel's objections on this motion. The exact exchanges, objections, rulings, and context are essential to meaningful Rule 33 review and potential appellate preservation.

A non-newly-discovered-evidence Rule 33 motion ordinarily must be filed within 14 days of the October 27 verdict, making November 10, 2026 the ordinary deadline. Fed. R. Crim. P. 33(b)(2), 45(a). Expedited rolling production will reduce the prejudice from counsel's inability to inspect the record before that deadline. Defendant will timely preserve Rule 33 grounds independently of any ruling on this motion.

## IV. REQUEST FOR IMMEDIATE ORDER

Defendant asks the Court to: (1) direct expedited preparation and rolling electronic delivery of the transcripts listed above; (2) direct the court reporter to communicate estimated completion dates and costs within one business day; (3) preserve all original reporting media and related materials; (4) identify promptly any proceedings not recorded; and (5) grant such further relief as appropriate. Defendant requests an expedited ruling given the impending Rule 33 deadline and continued detention.

Respectfully submitted,

/s/ Nicole Elizabeth Knox
Nicole Elizabeth Knox
SBN: 24069324
Law Office of Nicole Knox PLLC
910 South Pearl Expressway
Dallas, Texas 75201
(214) 845-6286
nknox@nicoleknoxlaw.com

s/ Mario Herrera
Mario Herrera
Texas Bar No. 24069914
H&H Law Firm
4236 W. Lovers Lane
Dallas, Texas 75209
Tel.: (214) 357-7529
Fax: (214) 357-7530
Email: mario@hhlawdfw.com

/s/ Vincent Rene Carrizales
Vincent Rene Carrizales II
Texas Bar No. 24049541
400 S. Zang Blvd., Suite 105
Dallas, Texas 75208
Tel.: (214) 942-4500
Fax: (214) 942-1080
Email: vincent@vrclaw.com
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

The local rules are unclear to undersigned counsel whether a conference is required. In an abundance of precaution, counsel contacted the government for a conference. On October 28, 2026, I conferred by email with Assistant United States Attorneys Colin Duffy and Matthew Capoccia about the relief requested in this motion. The government relayed, "we defer to the court reporter. Additionally, we are not seeking an expediated transcript at this time." After conferring with the government, undersigned counsel emailed the court reporter to confer. It is completely understandable that I have not received a reply. However, given the immediate need for the transcript, I submit this Motion out of necessity to protect the Defendant's best interests.

/s/ Nicole Knox
Nicole Knox

## CERTIFICATE OF SERVICE

I certify that I filed this Motion as evidenced by the file-marked date on CM/ECF, which automatically notices opposing counsel.

**counsel of record.**

/s/ Nicole Knox
Nicole Knox