**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **No. 4:26-CR-314-P** |
| | § | |
| **KHALWINDER SINGH BHENGURA,** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S EMERGENCY MOTION FOR IMMEDIATE RELEASE PENDING SENTENCING

TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE:

Defendant Khalwinder Singh Bhengura, a 70-year-old lawful permanent resident with no criminal history, moves under 18 U.S.C. §§ 3142 and 3143(a)(1) and Federal Rule of Criminal Procedure 46(c) for immediate release pending sentencing on the conditions previously imposed. ECF No. 10. On October 27, 2026, the jury acquitted him of Count Two and found him guilty of Count One (18 U.S.C. § 1015(f)) and Count Three (18 U.S.C. § 611, a Class A misdemeanor). ECF No. 72. The Court remanded him to custody and set sentencing for February 11, 2027. ECF Nos. 66, 73. In support, Mr. Bhengura shows the following and refers the Court to the brief filed contemporaneously with this motion.

## I. GROUNDS FOR RELIEF

1. **Release on conditions, and full compliance.** At his initial appearance on September 14, 2026, the government agreed that conditions of release were acceptable, and Magistrate Judge Cureton released him on a personal recognizance bond with conditions, including the two conditions the government requested (no new travel documents and no voting in any election). Det. Hr'g Tr. 11:22–23, 12:7–16, 19:16–20:10 (Sept. 14, 2026) (Ex. A); ECF No. 10.

From that day through the return of the verdict, he complied with every condition without incident, surrendered his passport, reported as directed, and appeared at every proceeding, including each day of trial. Before his arrest, federal agents interviewed him at his home on August 26, 2026, and left him there; he remained at home and at work until agents returned to arrest him nineteen days later. No immigration detainer has been lodged.

2. **Mr. Bhengura is an excepted person under § 3143(a)(1).** Section 3143(a)(1) does not apply to "a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment." 18 U.S.C. § 3143(a)(1); *United States v. Mincey*, 482 F. Supp. 2d 161, 163 (D. Mass. 2007). Both offenses of conviction are governed by U.S.S.G. § 2H2.1(a)(3)(B), with a base offense level of 6. Under the multiple-count rules that will govern at sentencing, and with the two-level reduction for zero-point offenders, § 4C1.1(a), his adjusted offense level is 4; even under the prior grouping rules, the combined level is at most 8. At every level from 1 through 8 in Criminal History Category I, the range is 0 to 6 months and falls within Zone A, where "a sentence of imprisonment is not required," U.S.S.G. § 5C1.1(b), and where, for a zero-point offender, "a sentence other than a sentence of imprisonment . . . is generally appropriate," *id.* § 5C1.1 cmt. n.9; *see* 28 U.S.C. § 994(j). He is eligible for probation, home confinement, a fine, or a hybrid sentence. Under the strict definitions and application of § 3143(a)(1), Mr. Bhengura falls squarely within the excepted-person clause; no further analysis under that subsection is required, the remainder of it is inapplicable, and there are no grounds for detention. Section 3143(a)(2) likewise does not apply, because neither offense is described in 18 U.S.C. § 3142(f)(1)(A)–(C). His release is governed by § 3142(b) and (c), under which the Magistrate Judge has already found, with the government's agreement, that conditions reasonably assure his appearance and the safety of the community.

3. **Possible immigration consequences are not flight.** The Bail Reform Act addresses a defendant's volitional flight, not removal by the government. *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337–39 (10th Cir. 2017); *United States v. Santos-Flores*, 794 F.3d 1088, 1091–92 (9th Cir. 2015); *cf. United States v. Esquivel-Bataz*, 155 F.4th 491, 492–93 (5th Cir. 2025) (affirming detention that rested on the defendant's prior felony conviction, prior deportation, and illegal reentry, not on possible removal). Mr. Bhengura has no criminal history, entered lawfully, has never been removed, and has every reason to contest the consequences of these convictions through lawful process.

4. **Continued detention risks punishment beyond the recommended sentence.** "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); *see also Chavez v. State*, 671 S.W.3d 775 (Tex. App.—Fort Worth 2023, no pet.). If Mr. Bhengura remains in custody until the February 11, 2027 sentencing, he will have served approximately three and one-half months—more than half of the maximum of a range whose low end is zero—before the Court decides whether any imprisonment is warranted.

## II. PROPOSED CONDITIONS

Mr. Bhengura asks to be released on the conditions previously imposed, ECF No. 10, including the two conditions the government requested in September (no new travel documents and no voting in any election). He has no objection to any of the following additional conditions the Court considers necessary:

- reside at his current residence in Arlington, Texas, and not change residence without the approval of Pretrial Services;
- home detention with location monitoring, with leave for employment at Sky Chef

and for medical, legal, and religious appointments approved in advance by Pretrial Services;

- travel restricted to the Northern District of Texas; and
- report to Pretrial Services as directed.

## III. PRAYER

For these reasons, and those set out in the accompanying brief, Mr. Bhengura respectfully asks the Court to order his immediate release pending sentencing on the conditions stated above and to rule on an expedited basis. If the Court would find a hearing helpful, he asks that it be set at the Court's earliest convenience.

Respectfully submitted,

/s/ Mario Herrera
Mario Herrera
Texas Bar No. 24069914
H&H Law Firm
4236 W. Lovers Lane
Dallas, Texas 75209
Tel.: (214) 357-7529
Fax: (214) 357-7530
mario@hhlawdfw.com

/s/ Nicole E. Knox
Nicole E. Knox
Texas Bar No. 24069324
910 South Pearl Expressway
Dallas, Texas 75201
Tel.: (214) 845-6286
Fax: (214) 919-2417
nknox@nicoleknoxlaw.com

/s/ Vincent Rene Carrizales II
Vincent Rene Carrizales II
Texas Bar No. 24049541
400 S. Zang Blvd., Suite 105
Dallas, Texas 75208
Tel.: (214) 942-4500
Fax: (214) 942-1080

vincent@vrclaw.com

**COUNSEL FOR DEFENDANT**
**KHALWINDER SINGH BHENGURA**

## CERTIFICATE OF CONFERENCE

On October 28, 2026, I conferred by email with Assistant United States Attorneys Colin Duffy and Matthew Capoccia regarding the relief requested in this motion. The government is opposed. Agreement could not be reached because the government opposes Mr. Bhengura's release pending sentencing and, despite repeated requests, declined to state the basis for its opposition. I also notified United States Pretrial Services, which takes no position but confirmed that Mr. Bhengura has complied with all pretrial conditions and that it initially recommended his release when he was arrested.

/s/ Mario Herrera
Mario Herrera

## CERTIFICATE OF SERVICE

On October 29, 2026, I electronically filed this motion with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Mario Herrera
Mario Herrera