IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KHALWINDER SINGH BHENGURA,<br><br>Defendant. | ) | **Case No. 4:26-cr-00314-P**<br><br>Fort Worth, Texas<br>September 14, 2026<br>1:30 p.m.<br><br>INITIAL APPEARANCE<br>DETENTION HEARING<br>ARRAIGNMENT |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JEFFREY L. CURETON,
UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

| | |
|---|---|
| For the Government: | Matthew Capoccia<br>ASSISTANT UNITED STATES ATTORNEY<br>801 Cherry Street<br>Burnett Plaza, Suite 1700, Unit 4<br>Fort Worth, TX 76102<br>(817) 252-5200 |
| For the Defendant: | Michael A. Lehmann<br>ASSISTANT FEDERAL PUBLIC DEFENDER<br>819 Taylor Street, Room 9A10<br>Fort Worth, TX 76102<br>(817) 978-2753<br>(817) 566-5879 |
| Court Interpreter:<br>(Punjabi) | Basit Naeem |
| For U.S. Probation and<br>Pretrial Services: | Lindsey Lee |
| Recorded by: | Julie Harwell<br>UNITED STATES DISTRICT COURT<br>510 W. 10th Street<br>Fort Worth, TX 76102<br>(817) 850-6697 |

Transcribed by: Kathy Rehling
311 Paradise Cove
Shady Shores, TX 76208
(972) 786-3063

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

FORT WORTH, TEXAS - SEPTEMBER 14, 2026 - 1:28 P.M.

THE BAILIFF: All rise.

THE COURT: Thank you. Please be seated.

All right. The Court calls for initial appearance United States versus [redacted]. Did I say that correctly?

DEFENDANT [redacted]: Yes, sir.

THE COURT: That's you, sir?

DEFENDANT [redacted]: Yes, sir.

THE COURT: Okay.

United States versus [redacted].

DEFENDANT [redacted]: Here.

THE COURT: Thank you.

United States versus Khalwinder Bhengura.

DEFENDANT BHENGURA: (in English) Yes.

THE COURT: Very good. Thank you.

United States versus [redacted]. That's you, ma'am?

MR. SPIVEY: Yes.

THE COURT: Thank you.

United States versus [redacted]. All right.

And United States versus [redacted]. Thank you.

All right. So it's my understanding that Mr. Bhengura requires the assistance of a Punjabi interpreter.

MR. LEHMANN: Yes, Your Honor.

THE COURT: And Mr. [redacted] requires the assistance of a Spanish-speaking interpreter.

I note that Mr. Basit Naeem -- I think I said that right -- and Ms. Monica Alsina --

INTERPRETER ALSINA: Yes, Your Honor.

THE COURT: -- have been sworn as the Court Interpreters and are providing that service.

To all Defendants: The purpose of your hearing is to make sure that you understand your rights and that you understand the nature of the charges that have been brought against you.

I inform you that you have the following constitutional rights. You have the right to remain silent, to not make any statement at all. Any statement you make may be used against you.

You have the right to have an attorney at all stages of the proceedings. If you cannot afford an attorney, I will appoint an attorney for you today.

And finally I inform you, if you're not a citizen of the United States, then consular notifications will be made as required by the law or as requested by you.

I have received financial affidavits from each of the Defendants before the Court, and I need to go over these with you for a few minutes. Would each Defendant please -- you can remain seated if you want. Let's just have you raise your right hand and be sworn by my Clerk.

(The Defendants are sworn.)

THE COURT: Thank you. All right. I'll let the

record reflect that you each answered in the affirmative and you are now under oath.

(Proceedings as to Defendant Salas Barrios, 1:31 p.m.)

THE COURT: Mr. Bhengura, is it your signature on your financial affidavit?

DEFENDANT BHENGURA: (through Interpreter) Yes, sir.

THE COURT: Is the information in the affidavit true and correct?

DEFENDANT BHENGURA: Yes, sir.

THE COURT: Let me ask. Mr. Lehmann, for the Public Defender's Office, have you gone over this affidavit with him?

MR. LEHMANN: I have not, Your Honor.

THE COURT: Could you confirm the amounts on here for me and that they are, you know, U.S. dollars?

(Pause.)

MR. LEHMANN: Yes, Your Honor, these are U.S. dollars.

THE COURT: Okay. So Mr. Bhengura, you have $130,000 in the bank? U.S. dollars?

DEFENDANT BHENGURA: Yes, sir.

THE COURT: Okay. You really don't qualify for court-appointed counsel. You have the means to retain counsel. But for today's purposes, is there any reason I can't appoint the Federal Public Defender's Office?

MR. CAPOCCIA: No, Your Honor.

MR. LEHMANN: No, Your Honor.

THE COURT: All right. So I'm going to make that appointment. I'll have to reconsider what I do next. But I don't want to unduly delay the proceedings at this point.

All right. So I will appoint the Federal Public Defender's Office, and I note Mr. Michael Lehmann is present from that office to provide that service.

(Proceedings as to Defendants [redacted], and [redacted], 1:33 p.m. to 1:34 p.m.)

THE COURT: I now enter the oral order pursuant to Federal Rule of Criminal Procedure 5(f) in each case that the Government must comply with its disclosure obligations under *Brady v. Maryland* and its progeny, and the failure to do so could result in the imposition of sanctions, up to and including dismissal of charges.

All right. Let me ask each Defense Counsel: Have you reviewed the charges with your client? Does your client understand those charges and waive the formal reading? Let's see. We'll begin with Ms. Romero.

MS. ROMERO: Yes, Your Honor. I have gone over the complaint with Mr. [redacted] and he waives the reading. He does understand what he's been charged with.

THE COURT: All right. Is that true for you as well, Mr. Lehmann?

MR. LEHMANN: Yes, Your Honor.

THE COURT: Mr. White?

MR. WHITE: Yes, sir.

THE COURT: Mr. Cofer?

MR. COFER: Yes, Your Honor.

THE COURT: Mr. Davis?

MR. DAVIS: Yes, Your Honor.

THE COURT: And Mr. Spivey?

MR. SPIVEY: Yes, Your Honor.

THE COURT: Very well. I'm not going to require the charges to be read or otherwise summarized.

In each case, the Government has filed a motion for pretrial detention. I understand that we are able to go forward on behalf of the Government in each matter. Is that correct?

MR. CAPOCCIA: That's correct, Your Honor.

THE COURT: Does any Defendant require a continuance of any kind?

I see no hands.

A VOICE: No, Your Honor.

THE COURT: Okay. I see no hands. So let's go ahead and proceed. Do you wish to call a witness or proffer for this hearing?

MR. CAPOCCIA: We would proffer, Your Honor.

THE COURT: All right. Do you want to take them one at a time for me and let me make some notes?

MR. CAPOCCIA: Yes, Your Honor.

THE COURT: All right. You may proceed.

(Proceedings as to Defendant [redacted], 1:36 p.m.)

THE COURT: The remaining Defendants are charged by indictment, so probable cause is established. But for Defendant [redacted], I'm going to allow the Government to call this witness.

(Proceedings as to Defendant [redacted], 1:36 p.m. to 1:43 p.m.)

THE COURT: Let's move to detention in all matters. You may proceed.

MR. CAPOCCIA: Yes, Your Honor. Very briefly, it's going to be the same argument and the same -- roughly the same evidence in each case.

THE COURT: Okay.

MR. CAPOCCIA: But I'll explain it. All six Defendants are in the same situation, where they're lawful permanent residents who voted unlawfully in our elections. Each of them was born in a different country. Two of them are from Nigeria, Defendants [redacted]. Two are from Mexico, cases [redacted]. One's from India, Defendant Bhengura. And one's from the Democratic Republic of Congo, Mr. [redacted].

The United States believes that they are a flight risk because they have passports to these -- to their home

countries. They have at least some ties to them, or to their home countries. And that, given that they're facing, in five of the six cases, a potential felony offense, felony conviction, and in the other case a misdemeanor that carries with it a requirement that -- or a status that would make him deportable if he is convicted, in each case they are all going to be facing the same calculus, which is: Why sit around and wait to get prison time when you're going to be deported or get prison time anyway?

So the United States believes that they will be a flight risk.

THE COURT: All right. Let me ask each Defendant if you wish to proffer or call any witness by live testimony. Ms. Romero, we'll start with you and your client.

(Proceedings as to Defendant [redacted], 1:44 p.m. to 1:51 p.m.)

THE COURT: Mr. Lehmann, do you wish to proceed by proffer or live testimony?

MR. LEHMANN: Yes, Your Honor, by proffer.

THE COURT: I will accept it.

MR. LEHMANN: I proffer the following evidence. Mr. Bhengura is a 69-year-old man. He will turn 70 next month. He has no criminal history. He lives with his wife in Arlington. She works at the Fiesta in Arlington. Mr. Bhengura himself works for Sky Chef, where he prepares and

packages food for flights.

He has been a lawful permanent resident since 2022. Originally from Mumbai, India. He is available to surrender his Indian passport.

He has a son who is studying to obtain his PhD in Chicago in some type of biomedical study.

And Mr. Bhengura has access to a vehicle where he can travel to come to court and meet with his counsel as necessary.

Thank you, Your Honor.

THE COURT: I'll accept those proffered facts. Thank you.

(Proceedings as to Defendants [redacted], and [redacted], 1:52 p.m. to 1:59 to p.m.)

THE COURT: Any rebuttal evidence from the Government?

MR. CAPOCCIA: No, Your Honor.

THE COURT: All right. The evidence is closed. Do you wish to be heard in summation? You can address all --

MR. CAPOCCIA: Nothing beyond what I said earlier.

THE COURT: Okay. Very good.

Do you wish --

MS. ROMERO: Nothing further.

THE COURT: Mr. Lehmann?

MR. LEHMANN: Nothing further, Your Honor.

THE COURT: All right. Let's see, where am I then? Mr. White?

MR. WHITE: He's not a -- we believe he's not a flight risk. He's got long-term ties to the community and would come to court if required.

THE COURT: All right.

MR4. WHITE: Or as required.

THE COURT: Mr. Cofer?

MR. COFER: Nothing, Your Honor.

THE COURT: All right. Mr. Davis?

MR. DAVIS: I have nothing to add, Your Honor.

THE COURT: Mr. Spivey?

MR. SPIVEY: Yes, Your Honor. One last thing. Before Ms. [redacted] married her husband in 2022, her husband suffered from a stroke, and she now helps care for him.

THE COURT: The caregiver? All right. I'll accept that additional proffer.

MR. SPIVEY: Thank you.

THE COURT: All right. Probable cause established for each of the charges before the Court, either by indictment or as found today.

I find that I am able to set conditions of release in each of the cases. We will take a brief recess. An Order Setting Conditions of Release will be prepared for each counsel to review with the client. I will come back in and we will go

over those briefly.

Keep in mind there are some additional hearings behind this one. We kind of did an extra hearing here today. But if you could go over those as efficiently as you can and let me know when you're ready, we'll go back on the record.

Yes, sir?

MR. CAPOCCIA: Your Honor, there are two conditions we were going to recommend.

THE COURT: Okay.

MR. CAPOCCIA: One would be that they not apply for any additional travel documents.

THE COURT: Okay.

MR. CAPOCCIA: And the other one is that they not vote in any election.

THE COURT: Okay. Of course. Yes. We will make sure to add those. You got it, Julie? We'll prepare those up and be in recess.

Yes, sir?

A VOICE: Your Honor, for the indicted Defendants, can we go ahead and be arraigned, --

THE COURT: Um, --

A VOICE: -- just enter a not guilty plea?

THE COURT: Yes. We can do that while they're drawing up conditions. That would be a good, efficient -- I like efficiency. Thank you. Yes, let's do that before we

recess and while the conditions are being drawn up.

So, Mr. [redacted], this will not apply to you.

All right. Thank you. All right, since we haven't broken yet, let me go ahead and call for arraignment United States versus Defendants [redacted], Bhengura, [redacted], and -- no, not Mr. [redacted]. So just those Defendants.

I'll remind each of you that you are still under oath. Let me ask these questions. Please listen carefully and answer in a good, firm voice, because we do record.

Would you state your full name for the record, beginning with Mr. Bhengura?

DEFENDANT BHENGURA: (in English) Khalwinder Singh Bhengura.

THE COURT: And that's --

DEFENDANT BHENGURA: (through Interpreter) Khalwinder Singh Bhengura. Thank you, Your Honor.

THE COURT: And is your name spelled correctly in the indictment?

DEFENDANT BHENGURA: (in English) Yes, sir.

THE COURT: Thank you.

DEFENDANT BHENGURA: (through Interpreter) Yes, Your Honor.

THE COURT: Thank you.

(Proceedings as to Defendants [redacted], and [redacted], 2:02 p.m. to 2:03 p.m.)

THE COURT: All right. How old are you? Mr. Bhengura?

DEFENDANT BHENGURA: (in English) I'm 69 years old, sir.

THE COURT: Okay.

DEFENDANT BHENGURA: (through Interpreter) I am 69 years old.

THE COURT: All right.

(Proceedings as to Defendants [redacted], and [redacted], 2:03 p.m.)

THE COURT: And are any of you currently under the care of a physician or a psychiatrist? Mr. Bhengura?

DEFENDANT BHENGURA: (in English) Yes, I'm taking medica... medicine.

THE COURT: Go ahead and speak to him, if you will, and then he'll tell me.

DEFENDANT BHENGURA: (through Interpreter) I am taking medicine for diabetes. And for cholesterol.

THE COURT: Is there anything about any care or treatment you receive or any medication you might be on that would interfere with your ability to understand this proceeding?

DEFENDANT BHENGURA: No.

THE COURT: All right.

(Proceedings as to Defendants [redacted],

and [redacted], 2:04 p.m. to 2:05 p.m.)

THE COURT: Each of you are appearing here with counsel I've appointed for you.

Hold on a moment. Go ahead.

(Pause.)

THE COURT: Each of you are appearing here with counsel that I have appointed for you, and I'm told that you understand the nature of the charges against you. Because you understand those charges, I will allow you to waive the formal reading of them here in court. Do you wish to waive that reading? Mr. Bhengura?

DEFENDANT BHENGURA: Yes, sir.

(Proceedings as to Defendants [redacted], and [redacted], 2:05 p.m.)

THE COURT: Very well. Then how do you plead to the charges against you in your indictment, guilty or not guilty? Mr. Bhengura?

DEFENDANT BHENGURA: Not guilty.

(Proceedings as to Defendants [redacted], and [redacted], 2:06 p.m.)

THE COURT: And because each of you have pled not guilty, you are entitled to jury trials in this district. Let's see. Let me get these straight. All right.

Mr. [redacted] and Ms. [redacted], your cases are set for jury trial on October 26, 2026 at 9:00 o'clock a.m. before The

Honorable Judge Reed O'Connor in the second floor courtroom.

Ms. [redacted] and Mr. Bhengura, your cases are set for trial October 19, 2026 at 9:00 o'clock a.m. before The Honorable Judge Mark Pittman in the fourth floor courtroom.

And Mr. [redacted], your case is set for trial on December 14, 2026 at 1:30 p.m. before The Honorable Judge Terry R. Means in the fifth floor courtroom at the other end of the hallway.

Each of the district judges will issue trial scheduling orders which will set forth those trial dates and the important dates leading up to trial.

All right. Are there any other matters before we take a brief recess? From the Government?

MR. CAPOCCIA: No, Your Honor.

THE COURT: From any Defendant? No?

A VOICE: No, Your Honor.

THE COURT: All right. So we're in recess. We'll go over the conditions of release in just a moment.

THE BAILIFF: All rise.

(Off the record, 2:07 p.m. to 2:18 p.m.)

THE BAILIFF: All rise.

THE COURT: All right. Thank you. Please be seated. All right. We are back on the record in United States versus [redacted], Khalwinder Bhengura, [redacted].

We've conducted a preliminary and detention hearing as to

Mr. [redacted], and a detention hearing as to the remaining Defendants, and an Order Setting Conditions of Release has been prepared in each case. I'm going to go over these with each of you at the same time, so please pay careful attention. This won't take but a minute.

First, have you had sufficient time to review your Order Setting Conditions? Mr. [redacted]?

DEFENDANT [redacted]: Yes.

THE COURT: Mr. Bhengura?

DEFENDANT BHENGURA: Yes, sir.

THE COURT: Mr. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: Mr. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: Ms. [redacted]?

DEFENDANT [redacted] Yes, Your Honor.

THE COURT: And Ms. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: And do each of you understand all of the conditions that are set forth in your order? Mr. [redacted]?

DEFENDANT [redacted]: Yes.

THE COURT: Mr. Bhengura?

DEFENDANT BHENGURA: (in English) Yes.

THE COURT: Mr. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: Mr. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: Ms. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: And Ms. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: On Page 3 of your orders -- I have the originals in front of me -- it appears to be signed by you under "Acknowledgement of the Defendant." Is it your signature on your order, the one I have before me?

A VOICE: Yes.

THE COURT: Mr. [redacted]?

DEFENDANT [redacted]: Yes.

THE COURT: Mr. Bhengura?

DEFENDANT BHENGURA: Yes, sir.

THE COURT: Mr. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: Mr. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: Ms. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: And Ms. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: Above your signature on that page, there's a set of provisions which set forth the possible

penalties and sanctions should you fail to abide by the conditions. Did you review those carefully and do you understand it can be a separate federal offense if you violate the conditions? Mr. [redacted]?

DEFENDANT [redacted]: Yes. That's right.

THE COURT: Mr. Bhengura?

DEFENDANT BHENGURA: Yes, sir.

THE COURT: Mr. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: Mr. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: Ms. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: And Ms. [redacted]?

DEFENDANT [redacted]: Yes, Your Honor.

THE COURT: Are the conditions as set acceptable to the Government?

MR. CAPOCCIA: Yes, Your Honor.

THE COURT: Any issue from any Defendant with the conditions, just by raise of hand or something?

No? All right. I see no hands.

All right. I'm going to find that each Defendant understands the conditions of release and that they are appropriate in each case, and I'm signing each order setting conditions for your release. I'm ordering that the Marshals,

the U.S. Marshals release you after any appropriate processing, if any.

Are there any other matters from the Government as to the Defendants before the Court?

MR. CAPOCCIA: No, Your Honor.

THE COURT: From any Defendant?

(Chorus of negative responses.)

THE COURT: Very well. Good luck to each of you. The Defendants are released on these conditions, the attorneys are excused, and court is adjourned.

THE BAILIFF: All rise.

(Proceedings concluded at 2:22 p.m.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*/s/ Kathy Rehling* *10/08/2026*

Kathy Rehling, CETD-444 Date
Certified Electronic Court Transcriber

INDEX


| | |
|---|---|
| PROCEEDINGS | 3 |
| WITNESSES | |
| -none- | |
| EXHIBITS | |
| -none- | |
| RULINGS | |
| Appointment of Counsel | 6 |
| Findings | 11 |
| Entry of Not Guilty Plea | 15 |
| Conditions of Release | 19 |
| END OF PROCEEDINGS | 20 |
| INDEX | 21 |

[redacted]