IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **No. 4:26-CR-314-P** |
| | § | |
| **KHALWINDER SINGH BHENGURA,** | § | |
| | § | |
| Defendant. | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR IMMEDIATE RELEASE PENDING SENTENCING

**Use of Generative Artificial Intelligence**

*Portions of this brief were prepared with the assistance of a generative artificial intelligence tool. Local Criminal Rule 47.2(e).*

TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE:

Defendant Khalwinder Singh Bhengura files this brief in support of his Emergency Motion for Immediate Release Pending Sentencing, filed contemporaneously. Mr. Bhengura is a 70-year-old lawful permanent resident with no criminal history. On October 27, 2026, the jury acquitted him of Count Two and found him guilty of Count One (18 U.S.C. § 1015(f)) and Count Three (18 U.S.C. § 611, a Class A misdemeanor). ECF No. 72. The Court remanded him to custody and set sentencing for February 11, 2027. ECF Nos. 66, 73. He seeks immediate release under 18 U.S.C. 994 and Federal Rule of Criminal Procedure 46(c) on the conditions previously imposed. ECF No. 10.

## SUMMARY OF ARGUMENT

Release is warranted for two independent reasons. *First*, the detention mandate of § 3143(a)(1) does not reach Mr. Bhengura. By its terms, that provision excepts "a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of

imprisonment." Under the strict definitions and application of § 3143(a)(1), Mr. Bhengura is such an excepted person: the jury's acquittal on the second felony leaves a guideline calculation that falls in Zone A of the Sentencing Table, where "a sentence of imprisonment is not required," U.S.S.G. § 5C1.1(b), and where, for a zero-point offender, "a sentence other than a sentence of imprisonment . . . is generally appropriate," *id.* § 5C1.1 cmt. n.9. No further analysis under § 3143(a)(1) is required; the remainder of that subsection is inapplicable to this case. His release is instead governed by § 3142(b) and (c), under which the Magistrate Judge has already found—with the government's agreement—that conditions of release reasonably assure his appearance and the safety of the community.

## I. BACKGROUND

### A. Chronology.

| | |
|---|---|
| Aug. 5, 2022 | Mr. Bhengura is lawfully admitted to the United States as a permanent resident under the F42 immigrant classification, a status renewable every ten years unless he is convicted of a crime. This case is the only time he has encountered law enforcement or been charged with a crime. |
| Aug. 5, 2022 – Sept. 14, 2026 | Mr. Bhengura resides peacefully with his wife in their apartment in Arlington, Texas. Both maintain employment and pay taxes. |
| May 2026 | The Texas Office of the Attorney General tips off Homeland Security Investigations (HSI) that numerous individuals identified in voter-registration databases are possibly foreign-born persons who have not become United States citizens. |
| Aug. 5, 2026 | The National Voter Registration Act's 90-day "quiet period" begins, during which it is unlawful to systematically remove the names of ineligible voters from the rolls before a federal election. 52 U.S.C. § 20507(c)(2)(A). |
| Aug. 11, 2026 | HSI, the FBI, and United States Citizenship and Immigration Services begin investigations, including of Mr. Bhengura. |
| Aug. 26, 2026 | HSI Special Agent Van Stephens and HSI Agent Cesar Romero appear unannounced at Mr. Bhengura's home. He voluntarily engages in the consensual encounter and answers their questions. At the conclusion of the interview the agents leave; |

| | |
|---|---|
| | Mr. Bhengura remains at home, where he continues to live. |
| Aug. 28, 2026 | HSI Special Agent Troy Jacobs approves the investigative report written by Special Agent Stephens. |
| Sept. 10, 2026 | Special Agent Stephens obtains an arrest warrant. |
| Sept. 11, 2026 | The Department of Justice presents the matter to the grand jury, which returns a two-count indictment, unbeknownst to Mr. Bhengura: Count One, 18 U.S.C. § 611 (a misdemeanor), voting on November 5, 2024; and Count Two, 18 U.S.C. § 1015(f) (a felony), making a false statement or claim of citizenship on or about August 1, 2024. ECF No. 1. |
| Sept. 14, 2026 | Mr. Bhengura is arrested. He is evaluated by Pretrial Services and appears before Magistrate Judge Cureton for his initial appearance, detention hearing, and arraignment. Pretrial Services recommends release, and the government agrees (with conditions). The Magistrate Judge releases Mr. Bhengura on a personal recognizance bond. ECF No. 10. He goes home. |
| Sept. 15, 2026 | Mr. Bhengura retains counsel. |
| Sept. 16, 2026 | The executed arrest warrant is processed by the Clerk, as reflected by its file-mark. |
| Oct. 5, 2026 | The deadline to register to vote in the November 2026 general election passes. |
| Oct. 7, 2026 | The grand jury returns a superseding indictment charging three counts: Count One, 18 U.S.C. § 1015(f) (a felony), a false statement or claim of citizenship on or about January 24, 2024; Count Two, 18 U.S.C. § 1015(f) (a felony), a false statement or claim of citizenship on or about August 1, 2024; and Count Three, 18 U.S.C. § 611 (a misdemeanor), voting on November 5, 2024. ECF No. 32. |
| Oct. 8, 2026 | The Court sets arraignment on the superseding indictment for October 21, 2026—two calendar days *after* the Court's trial setting of October 19, 2026. |
| Oct. 9, 2026 | The Court sua sponte continues the trial setting from Monday, October 19, 2026, to Friday, October 23, 2026. |
| Oct. 10, 2026 | Mr. Bhengura, through counsel, files his waiver of arraignment. |
| Oct. 19, 2026 | Mr. Bhengura turns 70. Defense counsel review discovery at the United States Attorney's Office. Lead counsel, Ms. Knox, is rushed to the hospital for an emergent medical need. |

| | |
|---|---|
| Oct. 20, 2026 | Co-counsel, Mr. Herrera, moves for a continuance because of Ms. Knox's hospitalization. The government agrees to the continuance. The Court denies the motion. |
| Oct. 23, 2026 | Trial before a jury begins without Ms. Knox. Mr. Bhengura appears, as he does on each day of trial. |
| Oct. 27, 2026 | The jury acquits Mr. Bhengura of Count Two and convicts him of Counts One and Three. The Court remands him to the custody of the United States Marshal, ECF Nos. 66, 72, and sets sentencing for February 11, 2027, with the presentence report due December 22, 2026. ECF No. 73. |

**B. The detention hearing, release, and verdict.**

1. **Indictment and detention hearing.** On September 11, 2026, the grand jury returned a two-count indictment charging a violation of 18 U.S.C. § 611 (voting by an alien on November 5, 2024) and a violation of 18 U.S.C. § 1015(f) (false claim of citizenship on or about August 1, 2024). ECF No. 1. At the initial appearance on September 14, 2026, the government moved for detention of six defendants charged in related cases, using "the same argument" and "roughly the same evidence in each case." Det. Hr'g Tr. 7:11–15, 8:12–14 (Sept. 14, 2026) (Ex. A). Its only argument was that each defendant held a passport, had "at least some ties" to a home country, and faced a conviction that could render him deportable, so that each would reason: "Why sit around and wait to get prison time when you're going to be deported or get prison time anyway?" *Id.* at 8:24–9:11. The government offered no rebuttal to the defense proffer and nothing further in summation. *Id.* at 10:15–20.

2. **The proffer the Magistrate Judge accepted.** Mr. Bhengura was then 69 and turned 70 in October. He has no criminal history. He lives in Arlington with his wife, who also works in Arlington, and he works for Sky Chef preparing and packaging airline meals. He has been a lawful permanent resident since 2022, is originally from Mumbai, India, and offered to surrender his Indian passport. His son is pursuing a doctorate in biomedical research in Chicago.

*Id.* at 9:21–10:9. The Magistrate Judge accepted these facts. *Id.* at 10:11–12. The Court was informed that Mr. Bhengura takes medication for diabetes and cholesterol, *id.* at 14:11–18, and was aware of his savings when it set conditions, *id.* at 5:18–20.

3. **The government agreed to release on conditions.** The Magistrate Judge found that conditions of release could be set. *Id.* at 11:22–23. The government requested two additional conditions—that Mr. Bhengura not apply for travel documents and not vote in any election—and, when asked whether the conditions as set were acceptable, answered, "Yes, Your Honor." *Id.* at 12:7–16, 19:16–18. The Magistrate Judge found the conditions "appropriate" and ordered release. *Id.* at 19:22–20:10; ECF No. 10.

4. **Compliance.** From September 14, 2026 through the verdict, Mr. Bhengura complied with every condition of release without incident. He surrendered his passport, reported as directed, and appeared at every proceeding, including each day of trial on October 23, 26, and 27, 2026.

5. **Superseding indictment and verdict.** On October 7, 2026, the grand jury returned a superseding indictment charging three counts: Count One, § 1015(f) (false claim of citizenship on or about January 24, 2024); Count Two, § 1015(f) (false claim of citizenship on or about August 1, 2024); and Count Three, § 611 (voting on November 5, 2024). ECF No. 32. On October 27, 2026, the jury found Mr. Bhengura not guilty on Count Two and guilty on Counts One and Three, and the Court remanded him to the custody of the United States Marshal. ECF Nos. 66, 72. The Court has set sentencing for February 11, 2027, with the presentence report due December 22, 2026. ECF No. 73. Neither offense of conviction involved violence, a weapon, a controlled substance, or a victim who suffered injury or loss. Count Three is punishable by no more than one year of imprisonment. 18 U.S.C. § 611(b).

6. **No detainer.** As of the filing of this brief, Immigration and Customs Enforcement has not lodged a detainer.

## II. ARGUMENT

### A. Mr. Bhengura is an excepted person under § 3143(a)(1), because the applicable guideline promulgated under 28 U.S.C. § 994 does not recommend a term of imprisonment.

Section 3143(a)(1) directs that a person found guilty and awaiting sentence be detained unless the court finds by clear and convincing evidence that he is not likely to flee or pose a danger. But Congress excluded one class of defendants from that mandate altogether: "a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment." 18 U.S.C. § 3143(a)(1). For such a person, § 3143(a)(1) "by its own terms does not apply in any respect," *United States v. Mincey*, 482 F. Supp. 2d 161, 163 (D. Mass. 2007), and release is governed by the ordinary standards of § 3142(b) and (c), under which the court releases the defendant on personal recognizance or on the least restrictive conditions that will reasonably assure his appearance and the safety of the community. The mandatory-detention provision of § 3143(a)(2) is likewise inapplicable, because neither offense of conviction is described in 18 U.S.C. § 3142(f)(1)(A)–(C).

Under the strict definitions and application of § 3143(a)(1), therefore, the presumption in favor of release applies to Mr. Bhengura through the statute's excepted-person clause, which Congress defined by reference to the guidelines promulgated under 28 U.S.C. § 994. Mr. Bhengura falls squarely within that definition. No further analysis under § 3143(a)(1) is required: once the exception applies, the remainder of the subsection—its detention mandate and its clear-and-convincing-evidence burden—has no application to this case.

The applicable guideline does not recommend imprisonment here. Count Three (§ 611) is

governed by U.S.S.G. § 2H2.1, which assigns a base offense level of 6 where the defendant "gave false information to establish eligibility to vote." U.S.S.G. § 2H2.1(a)(3)(B); *id.* App. A. Count One (§ 1015(f)) is governed by the same guideline—the only guideline the statutory index lists for § 1015(f)—and likewise carries a base offense level of 6. U.S.S.G. § 2H2.1(a)(3)(B); *id.* App. A. Under the multiple-count rules that take effect November 1, 2026, and will govern at sentencing, the offense level for both counts is the highest offense level of any single count, with no added levels—here, 6. *See* U.S.S.G. § 3D1.1(c)–(d) (eff. Nov. 1, 2026); *id.* § 1B1.11(a), p.s. Mr. Bhengura has no criminal history points and meets the criteria for the two-level reduction for zero-point offenders, § 4C1.1(a), yielding an adjusted offense level of 4.

The result is the same under the multiple-count rules in effect before November 1, 2026. Section 2H2.1(a)(3) applies to both Counts One and Three. If the two counts were grouped, the combined offense level would be 6. U.S.S.G. §§ 3D1.2, 3D1.3(a). If they were not, each count would form a separate Group at level 6, and the two Units would add two levels, for a combined offense level of 8 before the § 4C1.1 reduction. *Id.* § 3D1.4. At level 8, as at level 4, the guideline range is 0 to 6 months. Thus, even if the Court were to impose a term of imprisonment, the minimum under the guidelines is zero days and the maximum is six months. Prison is not a required sentence, and no days of imprisonment are required even if a "term of imprisonment" is nominally ordered.

At every offense level from 1 through 8 in Criminal History Category I, the guideline range is 0 to 6 months and falls within Zone A of the Sentencing Table. U.S.S.G. ch. 5, pt. A. In Zone A, "a sentence of imprisonment is not required." *Id.* § 5C1.1(b). For a defendant who receives the zero-point-offender adjustment and whose range is in Zone A, the Commission directs that "a sentence other than a sentence of imprisonment . . . is generally appropriate." *Id.* § 5C1.1 cmt. n.9;

*see* 28 U.S.C. § 994(j) (directing the Commission to ensure that the guidelines "reflect the general appropriateness of imposing a sentence other than imprisonment" on a first offender not convicted of a crime of violence or an otherwise serious offense). Mr. Bhengura is accordingly eligible for a sentence of probation, home confinement, a fine (which, even at an offense level of 8, may not exceed $20,000, U.S.S.G. § 5E1.2(c)(2)–(3)), or a hybrid of those options. This array of non-custodial sentencing options is available because Congress and the Sentencing Commission have treated the offenses of conviction as administrative offenses that fall squarely within Zone A, with no imprisonment as an available sentence—precisely the category of offenses Congress excepted from pre-sentencing detention in § 3143(a)(1). A guideline that tells the sentencing court imprisonment is not required, and that a non-custodial sentence is generally appropriate, does not "recommend a term of imprisonment." The federal statutory framework does not call for pre-sentence detention of a defendant convicted of these offenses who has never deviated from his conditions of release.

Mr. Bhengura is therefore outside § 3143(a)(1), and his release is governed by § 3142(b) and (c). Under those provisions the question is whether conditions exist that will reasonably assure his appearance and the safety of the community. The Magistrate Judge has already answered that question, and the government agreed with the answer. Det. Hr'g Tr. 11:22–23, 19:16–18; ECF No. 10. Nothing has occurred since then except six weeks of full compliance and a verdict that produced a guideline range beginning at zero. The Court should order release on the conditions previously imposed.

**B. The possibility of immigration consequences does not justify detention.**

The risk that immigration authorities may later detain or remove Mr. Bhengura is not a risk that he will flee. The Bail Reform Act is concerned with a defendant's volitional flight, not with

removal by the government. *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337–39 (10th Cir. 2017); *United States v. Santos-Flores*, 794 F.3d 1088, 1091–92 (9th Cir. 2015). In *United States v. Esquivel-Bataz*, 155 F.4th 491 (5th Cir. 2025), the government did not contend that possible deportation "itself would be considered flight," and the Fifth Circuit affirmed detention because the district court had made an individualized assessment under § 3142(g) that rested on the defendant's prior felony conviction, prior deportation, and illegal reentry. *Id.* at 492–93. None of those facts exists here. Mr. Bhengura has no criminal history, entered lawfully, and has never been removed. As a lawful permanent resident, he has every reason to remain in this country and to contest the consequences of these convictions through lawful process, and no detainer has been lodged.

**C. Continued detention risks punishment beyond the sentence the guidelines recommend.**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); *see also Chavez v. State*, 671 S.W.3d 775 (Tex. App.—Fort Worth 2023, no pet.) (applying the same principle in reversing an excessive pretrial bail). That principle applies with special force where, as here, the recommended range is 0 to 6 months, the range begins at zero, and the Commission has deemed a sentence without imprisonment generally appropriate. Sentencing is set for February 11, 2027. ECF No. 73. If Mr. Bhengura remains in custody until then, he will have served approximately three and one-half months—more than half of the maximum of a range whose low end is zero—before the Court has had the opportunity to decide whether any imprisonment is warranted. That is punishment imposed before sentence, and no later ruling could undo it. His renewed motion for judgment of acquittal under Rule 29(c) remains to be decided as well.

**D. Proposed conditions.**

Mr. Bhengura asks to be released on the conditions previously imposed, ECF No. 10, including the two conditions the government requested in September (no new travel documents and no voting in any election). He has no objection to any of the following additional conditions the Court considers necessary:

- reside at his current residence in Arlington, Texas, and not change residence without the approval of Pretrial Services;
- home detention with location monitoring, with leave for employment at Sky Chef and for medical, legal, and religious appointments approved in advance by Pretrial Services;
- travel restricted to the Northern District of Texas; and
- report to Pretrial Services as directed.

## III. CONCLUSION

For the reasons stated above and in his motion, Mr. Bhengura respectfully asks the Court to order his immediate release pending sentencing on the conditions stated in the motion and to rule on an expedited basis. If the Court would find a hearing helpful, he asks that it be set at the Court's earliest convenience.

Respectfully submitted,

/s/ Mario Herrera
Mario Herrera
Texas Bar No. 24069914
H&H Law Firm
4236 W. Lovers Lane
Dallas, Texas 75209
Tel.: (214) 357-7529
Fax: (214) 357-7530
mario@hhlawdfw.com

/s/ Nicole E. Knox
Nicole E. Knox
Texas Bar No. 24069324
910 South Pearl Expressway
Dallas, Texas 75201
Tel.: (214) 845-6286
Fax: (214) 919-2417
nknox@nicoleknoxlaw.com

/s/ Vincent Rene Carrizales II
Vincent Rene Carrizales II
Texas Bar No. 24049541
400 S. Zang Blvd., Suite 105
Dallas, Texas 75208
Tel.: (214) 942-4500
Fax: (214) 942-1080
vincent@vrclaw.com

**COUNSEL FOR DEFENDANT**
**KHALWINDER SINGH BHENGURA**

## CERTIFICATE OF SERVICE

On October 29, 2026, I electronically filed this brief with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Mario Herrera
Mario Herrera