UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

v. **No. 4:26-cr-00314-P**

**KHALWINDER SINGH BHENGURA,**

Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion for Immediate Release Pending Sentencing ("Motion"). ECF No. 76. Having considered the Motion and the applicable law, the Court concludes that it should be and hereby is **DENIED**.

## BACKGROUND

On October 27, 2026, after two days of trial, a jury found Defendant Khalwinder Singh Bhengura guilty on one count of False Statements of Citizenship in Order to Register to Vote, 18 U.S.C. § 1015(f), and one count of Voting by an Alien in a Federal Election, 18 U.S.C. § 611. ECF No. 72. The next day, the Court entered an Order setting a sentencing hearing for February 11, 2027. ECF No. 73. One day later, Defendant filed two purportedly 'emergency' motions, ECF Nos. 75, 76. The first was an Emergency Motion for Expedited Preparation and Production of Trial Related Proceedings Transcripts. ECF No. 75. The Court denied that Motion, noting that the request was extraordinary, impractical, and wasteful. ECF No. 78. It further cautioned counsel to abide by *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, which states that "[a] lawyer owes, to the judiciary, candor, diligence and utmost respect." 121 F.R.D. 284, 287 (N.D. Tex. 1988). The second emergency motion, Defendant's Motion for

Immediate Release Pending Sentencing (ECF No. 76) is equally unavailing, it asks for Defendant's immediate release prior to the February sentencing. It is that Motion to which the Court now turns.

## LEGAL STANDARDS

Section 3143(a) provides that a defendant who has been convicted "shall . . . be detained" pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a). The plain language therefore gives a presumption in favor of detention that attaches to a convicted defendant. *See United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016). The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant. FED. R. CRIM. P. 46(c); *see United States v. Lockett*, 549 F. App'x 269, 270 (5th Cir. 2013). However, Section 3143(a) excepts "person[s] for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment." 18 U.S.C. § 3143(a)(1). The presumption in favor of detention therefore does not apply where the guidelines do not recommend prison time.

## ANALYSIS

Defendant's arguments for immediate release are mostly generated by artificial intelligence and fail several times over. Unfortunately, this has become a habit for defense counsel.

*First*, Defendant's argument that the presumption in favor of detention does not apply to him is nowhere supported by the law. Defendant contends that he is an "excepted person" under Section 3143(a)(1). ECF No. 77 at 6. He calculates that his convictions under the guidelines recommend between zero- and six-months imprisonment. *See* ECF No. 77 at 7. To shoehorn this recommendation into the exception, Defendant then engages in a tortured statutory analysis so tone-deaf that only artificial intelligence could advance it. He reasons as follows: In Zone A, "a sentence of imprisonment is not required." *Id.* § 5C1.1(b) (emphasis added). For a zero-point-offender, the Sentencing Commission directs that "a sentence other than a sentence of

imprisonment . . . is generally appropriate." *Id.* § 5C1.1 cmt. n.9 (emphasis added). Defendant therefore concludes that the Guidelines "do[] not 'recommend a term of imprisonment'" and so he is excepted. ECF No. 77 at 8.

That is an abysmal reading of the statute. The exception in Section 3143(a) is simple: the presumption in favor of detention prior to sentencing does not apply where prison time *is not on the table*. It does not mean that the presumption will never apply if the guideline range for a defendant begins at zero months. *See United States v. Johnson,* 652 F. App'x 619, 621 (10th Cir. 2016). It means that where the Guidelines do not recommend prison time, the presumption is inapplicable—not, as Defendant represents, where it is theoretically possible to avoid prison time. *See United States v. Contreras-Gomez*, No. 19-CR-2514 WJ, 2020 WL 4016052, at *1 (D.N.M. July 16, 2020); *Cf.* ECF No. 77 at 6–8. Defendant hastily sews together "not required" and "is generally appropriate" to create a Frankenstein exception whenever the floor is no prison time. But that is not what it means to be a defendant for whom the guidelines "do not recommend a term of imprisonment." Defendant's reading mangles the statutory language and twists the recommendations of the Sentencing Commission in order to sidestep the presumption in favor of detention.[1]

[1]Notably, the Commission makes specific "recommendations" elsewhere in the guidelines. For example, USSG § 5B1.1 deals with imposition of probation. In comment note 1, it states that "where the applicable guideline range is in Zone A of the Sentencing Table (i.e., the minimum term of imprisonment specified in the applicable guideline range is zero months) . . . a condition requiring a period of community confinement, home detention, or intermittent confinement may be imposed but is not required." Then, two comment notes down in the exact same guideline, the sentencing commission sets forth *actual recommendations* for various scenarios. *See* USSG § 5B1.1, comment. (n.3(B)); *Id.*, comment. (n.3((D)) (writing that "*it is recommended that* the court consider" imposing a condition). Further, there are other places where the commission specifically recommends specific types of sentences using recommendation language. *See* USSG § 5C1.1, comment. (n.6) (writing that the substitutes for imprisonment ". . . *is not recommended* for most defendants" with a certain criminal history category); USSG § 5d1.1, comment. (n.3) (writing that ". . . *it is highly recommended* that a term of supervised release also be imposed."); USSG § 5d1.1, comment. (n.4) (same). The guidelines

Defendant cites no case to support his reading and cannot, because no court has so held. Defendant's reference to *United States v. Mincey* is at best misleading, but more likely dishonest. 482 F. Supp. 2d 161, 163 (D. Mass. 2007). *Mincey* involved a violation of supervised release in which the initial question was whether Section 3143(a)(1) applied at all to determine detention pending sentencing. *Id.* The Massachusetts District Court ruled that the exception did not apply to a person who is charged with violating probation or supervised release. *Id.* at 164. But in *Mincey,* the court was responding to the fact that the Sentencing Commission has not promulgated any guidelines pursuant to 28 U.S.C. § 994 with respect to violations of probation or supervised release. It had nothing to do with a conviction for which the Guidelines recommend zero to six months. Defendant's citation is lazy lawyering and a prime example of the inherent dangers of lawyers relying on artificial intelligence to draft their briefs.

*Second*, in any event, Defendant fails to carry his burden in establishing that his Guidelines range will have zero months at the low end. Although the range has yet to be finally calculated, it is within this Court's discretion to determine the final Guidelines range as between 15 to 21 months based on the following: a Criminal History category of I; a base offense level of 14 pursuant to U.S.S.G. §§ 2J1.2(a), 2J1.3(a); a two-level enhancement for obstruction of justice, *id.* § 3C1.1; and a two-level reduction for being a zero-point offender, leading to a total offense level of 14. To calculate Defendant's Guidelines, the Court will have to consider, in addition to the Guidelines section to which the offenses of conviction are indexed, his relevant conduct. U.S.S.G. §§ 1B1.2(b), 1B1.3. The relevant conduct in this case includes perjury based on the false statement Defendant made under penalty of perjury in his voter registration that he was a United States citizen. *See* ECF No. 81-2 at 2. The base offense level under the perjury Guidelines section is 14. It also includes possible suborned perjury by his wife and brother-in-law subject to a two-level enhancement for suborning perjury. *See* U.S.S.G. § 3C1.1. Thus, even under Defendant's contorted and misguided reading

---

therefore distinguish between authorizing a condition, noting that a particular sentence is generally appropriate, and issuing a recommendation.

of Section 3143(a)(1), this would be a Guidelines range for which a term of imprisonment is recommended and his claim that he is entitled to be released pending sentencing fails.

*Third*, Defendant is a paradigmatic flight-risk. Yet his brief makes no attempt to prove with any evidence, much less by clear and convincing evidence that he is not. *See generally* ECF No. 77. Counsel instead stakes Defendant's freedom on the above-mentioned unsupported, Hail Mary attempt at statutory interpretation. Defendant pays lip service to the notion that "in our society liberty is the norm," but cites to a case that describes "detention **prior to trial or without trial**." *United States v. Salerno*, 481 U.S. 739, 755 (1987) (emphasis added); ECF No. 77 at 9. That is wholly irrelevant here, where Defendant has been tried and convicted by a jury of his peers on two separate crimes. Pointing to the Magistrate Judge's finding as to Defendant's flight risk under a different standard of proof has no import as to whether Defendant has carried his burden at this stage. The essential facts are this: Defendant is a convicted felon and foreign national with substantial financial assets and ample foreign contacts. Moreover, the Department of Homeland Security recently issued an immigration detainer, providing Defendant with further motive to flee or evade detention if released. ECF No. 82. Nor does it matter that Defendant complied with every condition of pre-trial release without incident. *See United States v. Dailey*, 650 Fed. Appx. 193, 194 (5th Cir. 2016). The posture here is different, having been convicted, and Defendant has not carried his burden that he will not flee.

## CONCLUSION

A litigant that disagrees with the law may not contort it to their preferred outcome. Ours is a government of laws and not men. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163 (1803). Those laws mean what they say, and it is the duty of courts to remain faithful to their meaning. Between September and mid-October, Defense counsel Nicole Knox steered the case towards an early trial. Perhaps she suspected a trial during election season would favor her client. But when that did not work, counsel turned to wasting this Court's limited resources with

carelessly lawyered emergency motions.[2] This Court is disturbed by counsel's repeated filings which subtly bend the law by proffering superficially persuasive but fundamentally meritless arguments so clearly generated by artificial intelligence. Defendant is not a pro se litigant; he has three counsel of record with decades of practice between them. It is distressing to see how quickly the advent of artificial intelligence has undermined counsels' ability to properly advocate for their client.

As explained above, Defendant gets the law wrong several times over. Because Defendant has not carried his burden that he will not flee prior to sentencing, the Motion, ECF No. 76, is therefore **DENIED**.

**SO ORDERED** on this **4th day of November 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[2]Indeed, this Court would sanction counsel but, due to its demanding docket, has no time to schedule a hearing between now and Thanksgiving. It is axiomatic that most law students would have better motions practice than Defense counsel in this case, and the filings raise serious questions about their ability to practice law in accordance with the Local Rules. But this Court can no longer afford to utilize its resources to police Counsel's AI-generated, frivolous motions with its' sanctions authority. The Court is sympathetic to the pleas of the United States, *see* ECF No. 81 at 4, which has had to contend with "defense by ChatGPT."

The Local Rules do not permit such blatant 'AI slop' in the form of multiple frivolous motions that waste judicial resources and fail to serve the cause of justice. But the genuine demands of the docket take precedence over continued judicial babysitting. The Court is exhausted by these antics. Defense counsel is warned that further waste of the Court and Government's limited resources will result in the imposition of sanctions, up to and including banning counsel's ability to practice law in this district.